**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**DALLAS GENE ROY** **PETITIONER**
**ADC** #134765

**VS.** **CASE NO. 5:17-CV-216-JLH-BD**

**WENDY KELLEY, Director,** **RESPONDENT**
**Arkansas Department of Correction**

**RECOMMENDED DISPOSITION**

## I. Procedure for Filing Objections:

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. Either party to this suit may file written objections with the Clerk of Court within fourteen (14) days of the filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record.

## II. Background:

Following a bench trial on October 24, 2005, in Independence County, Arkansas, Petitioner Dallas Roy was found guilty of first-degree murder and was sentenced to 35 years' imprisonment in the Arkansas Department of Correction. (Docket Entry #6-2) Mr.

Roy appealed, and his conviction was affirmed by the Arkansas Court of Appeals on May 2, 2007. *Roy v. State*, No. CACR 06-652, 2007 WL 1276799 (May 2, 2007) (#6-3).

With counsel, Mr. Roy timely petitioned the circuit court on July 23, 2007, for post-conviction relief under Ark. R. Crim. P. 37.1, raising numerous claims of ineffective assistance of counsel. (#6-4) After a hearing on the motion, Mr. Roy's petition was denied on November 30, 2007. (#6-6) Acting pro se, Mr. Roy appealed the denial of his petition to the Arkansas Supreme Court. On April 30, 2009, the Arkansas Supreme Court affirmed the denial of post-conviction relief, finding that he had failed to provide an adequate record upon which the court could reach the merits of his claims and to preserve one claim for appellate review. *Roy v. State*, 2009 Ark. 246, at 2 (*per curiam*) (#6-7 at 2).

Mr. Roy initiated the instant petition on August 21, 2017, raising eight of the ten ineffective-assistance-of-counsel claims raised in his Rule 37 petition. (#2 & #6-4) Respondent contends that Mr. Roy's claims are barred by the applicable statute of limitations, procedurally defaulted, and meritless.

## III. Discussion:

The instant Petition is untimely.[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The triggering date in this case was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28

[1] Because Mr. Roy's claims are barred by the statute of limitations, there is no point in addressing the other arguments raised by Respondent in her response.

U.S.C. § 2244(d)(1)(A). When a criminal defendant fails to seek discretionary review of his criminal conviction in the state's highest court, his judgment becomes final when the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012).

Here, Mr. Roy had 18 days from the entry of the May 2, 2007 decision of the Arkansas Court of Appeals affirming his conviction; that is, until May 20, 2007, to file a petition for review with the Arkansas Supreme Court. Ark. Sup. Ct. R. 2-4(a) (stating petitions for review must be filed within 18 calendar days of the date of the Arkansas Court of Appeals's decision). However, because May 20th fell on a Sunday, the deadline rolled to May 21, 2007. See Ark. R. App. P.–Crim. 17. Therefore, the federal one-year limitation period began to run no later than May 21, 2007.

When Mr. Roy filed a proper Rule 37.1 petition with the circuit court on July 23, 2007, the statute of limitations was tolled with respect to his habeas claim until the Arkansas Supreme Court entered its *per curiam* order on April 30, 2009. 28 U.S.C. § 2244(d)(2). Accordingly, the time for filing a petition under 28 U.S.C. § 2254 began running, at the latest, on May 1, 2009. Subtracting the 63 days that ran between the time Mr. Roy's direct appeal became final and the tolling period began, he had 302 days, or until February 27, 2010, to timely file his federal habeas petition. Since February 27, 2010, fell on a Saturday, Mr. Roy had until Monday, March 1, 2010, to timely file his petition. Fed. Rule Civ. P. 6(a)(1)(C).

Mr. Roy, however, did not file his petition until August 21, 2017, over seven years after the statute of limitations had expired. Accordingly, there can be no dispute that Mr. Roy's petition is barred by the statute of limitations. 28 U.S.C. § 2244(d)(1)(A).

While the limitations period in § 2244(d)(1) is subject to equitable tolling, *Holland v. Florida*, 560 U.S. 631, 645 (2010), in order to benefit from equitable tolling, a petitioner must show that he pursued his rights diligently but that some extraordinary circumstances stood in his way and prevented a timely filing. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, Mr. Roy does not allege that extraordinary circumstances prevented him from filing a timely habeas petition. He does not point to any action or circumstance attributable to the State – or to any other cause – that prevented him from bringing a timely federal habeas petition. Consequently, he is not entitled to equitable tolling.

**IV. <u>Certificate of Appealability</u>:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Roy has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Roy has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

**V. <u>Conclusion</u>:**

Mr. Roy's petition is time barred. Accordingly, the Court recommends that his petition for writ of habeas corpus (#2) be DISMISSED with prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 13th day of October, 2017.

____________________________________
UNITED STATES MAGISTRATE JUDGE